IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 c 8155 |
| ) | |
| DFS SERVICES LLC f/k/a ) | |
| DISCOVERY FINANCIAL ) | |
| SERVICES LLC, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM ORDER

This newly-filed Fair Credit Reporting Act ("Act") Complaint has been randomly assigned to this Court's calendar. Only a moment's review of the filing reveals that it is part of a cottage industry that has developed in these cases, in which the only relationship between the lawsuit and this District Court is that the lawyers for plaintiff Timothy Neal ("Neal") are officed here in Chicago:

    1.    Complaint ¶4 reflects that Neal himself is a North Carolina resident.

    2.    As is often the case in such situations, the Complaint is totally silent as to the location from which DFS Services LLC f/k/a Discovery Financial Services LLC ("DFS") communicated with Neal and assertedly disseminated inaccurate information about his account (Complaint ¶5 alleges that DFS "is a limited liability company that is registered in the State of Illinois," but any allegation

about its having engaged in any Illinois activities in this matter is conspicuously absent, nor has Neal's counsel provided the readily available documentation reflecting DFS's complaint-of-conduct (see Complaint ¶16).

This Court has of late been calling counsel for plaintiffs to task in such situations. It is not at all clear that 28 U.S.C. §1391(b) properly lodges venue in this judicial district-- and even if the answer to that inquiry is "yes," the action would plainly be a prime candidate for transfer under 28 U.S.C. §1404(a).[1]

Accordingly Neal's counsel is ordered to appear in court for an initial status hearing at 9 a.m. January 3, 2011 to explain the predicate for instituting and pursuing this action in this judicial district. In the meantime no initial scheduling order will be issued.

_____
Milton I. Shadur
Senior United States District Judge

Dated:   December 28, 2010

---

[1] As this Court has had occasion to comment from time to time, "convenience of counsel" is not one of the statutory criteria prescribed by that section.

2